UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GWENDOLYN HUDGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV2026 JCH |
| ) | |
| FIRST STUDENT, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Count III against Defendant Jeffery Schwepker ("Schwepker"), filed November 30, 2011 (ECF No. 14), and Plaintiff's Motion to Remand, filed December 8, 2011 (ECF No. 20). The motions are fully briefed and ready for disposition.

**BACKGROUND**

On or about September 30, 2011, Plaintiff Gwendolyn Hudgins filed her Petition in the Circuit Court of St. Louis City, Missouri. (Petition (hereinafter "Complaint" or "Compl."), ECF No. 7). In her Complaint, Plaintiff alleges claims for negligence against Defendants First Student, Inc. (Count I), First Student Management, LLC (Count II), and Jeffery Schwepker (Count III). (Id.).

Defendants First Student, Inc. and First Student Management, LLC, (collectively "Defendants") removed the action to this Court on November 18, 2011, despite the lack of complete diversity on the face of the Complaint. (ECF No. 1).[1] In their Notice of Removal, Defendants assert that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a) because the only non-diverse

---

[1] For diversity purposes, both Plaintiff and Defendant Schwepker are citizens of the State of Missouri. (Compl., ¶¶ 1, 37).

Defendant, Schwepker, was fraudulently joined as a Defendant to this action. (ECF No. 1, ¶¶ 10-14). Defendant Schwepker moved to dismiss the sole count against him on November 30, 2011 (ECF No. 14), and Plaintiff responded by filing a Motion to Remand on December 8, 2011. (ECF No. 20).

## DISCUSSION

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed. 2d 753 (1998)). The party invoking federal jurisdiction and seeking removal has the burden of establishing jurisdiction by a preponderance of the evidence. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); see also Nicely v. Wyeth, Inc., 2011 WL 2462060 at *2 (E.D.Mo. Jun. 17, 2011).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs."[2] Manning, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). As stated above, Defendants assert that diversity exists because Schwepker, the only non-diverse party, was fraudulently joined. (ECF No. 1, ¶¶ 10-14).

---

[2] There is no dispute in the instant case that the amount in controversy exceeds $75,000.00.

"When a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined." Moss v. Defender Servs. Inc., 2009 WL 90136 at *2 (E.D. Mo. Jan. 14, 2009) (citing Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983)). Joinder is fraudulent and removal is proper "when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Junk v. Terminix Intern. Co., 628 F.3d 439, 445 (8th Cir. 2010) (internal quotations and citation omitted), cert. denied, 132 S.Ct. 94 (2011). However, "joinder is fraudulent only when there exists no reasonable basis in fact and law supporting a claim against the resident defendant[]." Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007) (internal quotations and citations omitted) (emphasizing that the fraudulent joinder inquiry does not focus on the "artfulness of the pleadings" but on the ability of the plaintiff to state a colorable claim). The Eighth Circuit has described the fraudulent joinder standard as follows:

> [A] proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." ... However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder.

Filla v. Norfolk Southern Railway Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted; emphasis in original).[3] This reasonableness standard requires "the defendant to do

---

[3] The Filla definition of fraudulent joinder does not include consideration of the plaintiff's intention to follow through with claims against the resident defendant. Recent Eighth Circuit opinions have embraced the Filla definition, analyzing fraudulent joinder only with respect to the reasonable basis for the claim against the resident defendant under state law. See, e.g., Knudson v. Systems Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011) ("[J]oinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" (quoting Filla, 336 F.3d at 811)); Junk, 628 F.3d at 446 (The question of fraudulent joinder "turns on whether [Plaintiff] might have had a 'colorable' claim against [Defendant], . . . ." (citing Wilkinson, 478 F.3d at 964)); Wilkinson, 478 F.3d, at 964 ("A joinder is fraudulent only 'when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.'" (quoting Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir. 2006)). Accordingly, this Court will not apply the "no real intention of prosecuting the action" element for finding fraudulent joinder from Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 187 (E.D.Mo. 1995), but instead

more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." Knudson, 634 F.3d at 980; Junk, 628 F.3d at 445 (noting that the Fed.R.Civ.P. 12(b)(6) standard is "more demanding" than the Filla standard applied in the fraudulent joinder context). Further, in making a prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," and should not "step from the threshold jurisdictional issue into a decision on the merits." Manning, 304 F.Supp.2d at 1148 (internal quotations and citations omitted).

Thus, in deciding the instant motions the issue becomes whether state law reasonably might impose liability on the non-diverse Defendant, Schwepker, based on the facts alleged in Plaintiff's Complaint. See Filla, 336 F.3d at 810; Manning, 304 F.Supp.2d at 1149.

In her Complaint Plaintiff alleges that at all relevant times Schwepker was an employee and agent of Defendants. (Compl., ¶ 38). Plaintiff further alleges Schwepker was her supervisor both prior to and at the time Plaintiff's injuries became known. (Id., ¶ 40). With respect to Schwepker's actions, Plaintiff alleges as follows:

> Defendant Schwepker assigned Plaintiff to school buses with manual doors, manual transmissions and manual emergency brakes. Plaintiff requested that Defendant Schwepker provide her with a school bus with automatic doors and automatic emergency brakes in order to alleviate the pain and numbness in her arms. Despite said requests, Defendant Schwepker failed and refused to provide Plaintiff with a school bus with automatic doors or emergency brakes.

(Id., ¶ 41). Plaintiff continues to allege her injuries were caused, in whole or in part, by Schwepker's negligence in failing to, among other things, provide her with adequate safety equipment, and provide her buses equipped with automatic doors, emergency brakes and transmissions. (Id., ¶ 42).

---

will utilize the approach applied consistently in the more recent Eighth Circuit decisions.

Under Missouri law, a claim of negligence is shown by proof of the following elements: "(1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks, (2) breach of the duty, (3) proximate cause, and (4) actual damages." Ivey v. Nicholson-McBride, 336 S.W.3d 155, 157 (Mo. App. 2011) (internal quotations and citations omitted). In his Motion to Dismiss Schwepker asserts that because under Missouri law an employer has a non-delegable duty to provide a safe working environment for its employees, co-employees, including supervisors such as himself, generally are immune from liability to co-employees. (See ECF No. 15, PP. 3-4, citing Wright v. St. Louis Produce Market, Inc., 43 S.W.3d 404, 414 (Mo. App. 2001)). Schwepker continues to assert that in order to hold him liable for her workplace injury, Plaintiff would have to demonstrate "something more," i.e., an affirmatively negligent act on Schwepker's part, "taken while acting outside the scope of the employer's responsibility, that breaches a personal duty of care owed to a fellow co-employee." (See ECF No. 15, P. 4 (citing Wright, 43 S.W.3d at 414; Burns v. Smith, 214 S.W.3d 335, 338 (Mo. banc 2007) (describing an "affirmatively negligent act" as "an affirmative act that creates additional danger beyond that normally faced in the job-specific work environment.")). Schwepker concludes that because Plaintiff fails to present "something more" on his part, but instead accuses him only of engaging in the same allegedly negligent acts as Defendants, her claim against him cannot survive. (ECF No. 15, PP. 4-6).

The Missouri Court of Appeals for the Western District recently addressed this issue in Robinson v. Hooker, 323 S.W.3d 418 (Mo. App. 2010). In that case, Plaintiff Robinson was injured when his co-employee, Defendant Hooker, lost control while operating a high pressure hose. Robinson, 323 S.W.3d at 421. After settling a workers' compensation claim with his employer Plaintiff sued Defendant, alleging negligence. Id. Defendant filed a motion to dismiss, asserting the

Missouri state court lacked jurisdiction because the Workers' Compensation Act provided Plaintiff's exclusive remedy for his injury claim against her. Id.

The Missouri Court of Appeals began by discussing the history of co-employee immunity, noting that under State ex rel. Badami v. Gaertner, 630 S.W.2d 175 (Mo. App. 1982), and its progeny, "a co-employee could not be sued unless there was a showing of 'something more' than a breach of the employer's duty to provide a safe workplace." Robinson, 323 S.W.3d at 422-423 ("The 'something more' test required proof that a co-employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury.").

The Court continued to address the Workers' Compensation Act itself, pointing out that in 2005 the Act was amended to eliminate the prior requirement of liberal construction of its provisions. Id. at 423. The Court noted that Section 287.800 of the Act now specifically requires strict construction, meaning that, "a 'statute can be given no broader application than is warranted by its plain and unambiguous terms.'" Id., quoting Harness v. S. Copyroll, Inc., 291 S.W.3d 299, 303 (Mo. App. 2009). In applying strict construction to Section 287.120[4] of the Act, the Court held as follows:

> With regard to Section 287.120, the determination of whether the exclusivity provision applies to co-employees depends upon the meaning of the term "employer."...Generally, a co-employee would not fall within [the] statutory definition of an "employer" as a "person...using the service of another for pay" and "hav[ing] five or more employees." Strict application of the definition requires us to further conclude that co-employees are not entitled to invoke the employer immunity under Section 287.120....The employee retains a common law right of action against co-employees who do not fall squarely within the definition of "employer."

Id. at 424-425.

---

[4] Section 287.120 provides in relevant part as follows: "Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of the employee's employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person." See Mo.Rev.Stat. § 287.120(1).

Upon consideration of the foregoing, this Court finds there is "'arguably a reasonable basis for predicting that [Missouri] law might impose liability'" on the resident Defendant, Schwepker. Knudson, 634 F.3d at 980 (quoting Filla, 336 F.3d at 811). In other words, because Schwepker likely does not qualify as an "employer" under the Act, under Robinson Plaintiff retains her right to pursue a common law action for negligence against him.[5]  See Id. at 425. Schwepker thus was not fraudulently joined, and so this matter must be remanded to state court for lack of federal jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 20) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the outstanding motions in this matter (ECF Nos. 14, 23) are **DENIED** as moot.

Dated this 21st day of February, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] Again, this Court will not "step from the threshold jurisdictional issue into a decision on the merits." Manning, 304 F.Supp.2d at 1148 (internal quotations and citations omitted).

\ UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GWENDOLYN HUDGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV2026 JCH |
| ) | |
| FIRST STUDENT, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Count III against Defendant Jeffery Schwepker ("Schwepker"), filed November 30, 2011 (ECF No. 14), and Plaintiff's Motion to Remand, filed December 8, 2011 (ECF No. 20). The motions are fully briefed and ready for disposition.

**BACKGROUND**

On or about September 30, 2011, Plaintiff Gwendolyn Hudgins filed her Petition in the Circuit Court of St. Louis City, Missouri. (Petition (hereinafter "Complaint" or "Compl."), ECF No. 7). In her Complaint, Plaintiff alleges claims for negligence against Defendants First Student, Inc. (Count I), First Student Management, LLC (Count II), and Jeffery Schwepker (Count III). (Id.).

Defendants First Student, Inc. and First Student Management, LLC, (collectively "Defendants") removed the action to this Court on November 18, 2011, despite the lack of complete diversity on the face of the Complaint. (ECF No. 1).[1] In their Notice of Removal, Defendants assert that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a) because the only non-diverse

---

[1] For diversity purposes, both Plaintiff and Defendant Schwepker are citizens of the State of Missouri. (Compl., ¶¶ 1, 37).

Defendant, Schwepker, was fraudulently joined as a Defendant to this action. (ECF No. 1, ¶¶ 10-14). Defendant Schwepker moved to dismiss the sole count against him on November 30, 2011 (ECF No. 14), and Plaintiff responded by filing a Motion to Remand on December 8, 2011. (ECF No. 20).

## DISCUSSION

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed. 2d 753 (1998)).  The party invoking federal jurisdiction and seeking removal has the burden of establishing jurisdiction by a preponderance of the evidence. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); see also Nicely v. Wyeth, Inc., 2011 WL 2462060 at *2 (E.D.Mo. Jun. 17, 2011).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a).  "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs."[2] Manning, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  As stated above, Defendants assert that diversity exists because Schwepker, the only non-diverse party, was fraudulently joined. (ECF No. 1, ¶¶ 10-14).

---

[2] There is no dispute in the instant case that the amount in controversy exceeds $75,000.00.

"When a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined." Moss v. Defender Servs. Inc., 2009 WL 90136 at *2 (E.D. Mo. Jan. 14, 2009) (citing Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983)). Joinder is fraudulent and removal is proper "when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Junk v. Terminix Intern. Co., 628 F.3d 439, 445 (8th Cir. 2010) (internal quotations and citation omitted), cert. denied, 132 S.Ct. 94 (2011). However, "joinder is fraudulent only when there exists no reasonable basis in fact and law supporting a claim against the resident defendant[]." Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007) (internal quotations and citations omitted) (emphasizing that the fraudulent joinder inquiry does not focus on the "artfulness of the pleadings" but on the ability of the plaintiff to state a colorable claim). The Eighth Circuit has described the fraudulent joinder standard as follows:

> [A] proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." ... However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder.

Filla v. Norfolk Southern Railway Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted; emphasis in original).[3] This reasonableness standard requires "the defendant to do

---

[3] The Filla definition of fraudulent joinder does not include consideration of the plaintiff's intention to follow through with claims against the resident defendant. Recent Eighth Circuit opinions have embraced the Filla definition, analyzing fraudulent joinder only with respect to the reasonable basis for the claim against the resident defendant under state law. See, e.g., Knudson v. Systems Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011) ("[J]oinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" (quoting Filla, 336 F.3d at 811)); Junk, 628 F.3d at 446 (The question of fraudulent joinder "turns on whether [Plaintiff] might have had a 'colorable' claim against [Defendant], . . . ." (citing Wilkinson, 478 F.3d at 964)); Wilkinson, 478 F.3d, at 964 ("A joinder is fraudulent only 'when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.'" (quoting Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir. 2006)). Accordingly, this Court will not apply the "no real intention of prosecuting the action" element for finding fraudulent joinder from Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 187 (E.D.Mo. 1995), but instead

more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." Knudson, 634 F.3d at 980; Junk, 628 F.3d at 445 (noting that the Fed.R.Civ.P. 12(b)(6) standard is "more demanding" than the Filla standard applied in the fraudulent joinder context). Further, in making a prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," and should not "step from the threshold jurisdictional issue into a decision on the merits." Manning, 304 F.Supp.2d at 1148 (internal quotations and citations omitted).

Thus, in deciding the instant motions the issue becomes whether state law reasonably might impose liability on the non-diverse Defendant, Schwepker, based on the facts alleged in Plaintiff's Complaint. See Filla, 336 F.3d at 810; Manning, 304 F.Supp.2d at 1149.

In her Complaint Plaintiff alleges that at all relevant times Schwepker was an employee and agent of Defendants. (Compl., ¶ 38). Plaintiff further alleges Schwepker was her supervisor both prior to and at the time Plaintiff's injuries became known. (Id., ¶ 40). With respect to Schwepker's actions, Plaintiff alleges as follows:

> Defendant Schwepker assigned Plaintiff to school buses with manual doors, manual transmissions and manual emergency brakes. Plaintiff requested that Defendant Schwepker provide her with a school bus with automatic doors and automatic emergency brakes in order to alleviate the pain and numbness in her arms. Despite said requests, Defendant Schwepker failed and refused to provide Plaintiff with a school bus with automatic doors or emergency brakes.

(Id., ¶ 41). Plaintiff continues to allege her injuries were caused, in whole or in part, by Schwepker's negligence in failing to, among other things, provide her with adequate safety equipment, and provide her buses equipped with automatic doors, emergency brakes and transmissions. (Id., ¶ 42).

---

will utilize the approach applied consistently in the more recent Eighth Circuit decisions.

Under Missouri law, a claim of negligence is shown by proof of the following elements: "(1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks, (2) breach of the duty, (3) proximate cause, and (4) actual damages." Ivey v. Nicholson-McBride, 336 S.W.3d 155, 157 (Mo. App. 2011) (internal quotations and citations omitted). In his Motion to Dismiss Schwepker asserts that because under Missouri law an employer has a non-delegable duty to provide a safe working environment for its employees, co-employees, including supervisors such as himself, generally are immune from liability to co-employees. (See ECF No. 15, PP. 3-4, citing Wright v. St. Louis Produce Market, Inc., 43 S.W.3d 404, 414 (Mo. App. 2001)). Schwepker continues to assert that in order to hold him liable for her workplace injury, Plaintiff would have to demonstrate "something more," i.e., an affirmatively negligent act on Schwepker's part, "taken while acting outside the scope of the employer's responsibility, that breaches a personal duty of care owed to a fellow co-employee." (See ECF No. 15, P. 4 (citing Wright, 43 S.W.3d at 414; Burns v. Smith, 214 S.W.3d 335, 338 (Mo. banc 2007) (describing an "affirmatively negligent act" as "an affirmative act that creates additional danger beyond that normally faced in the job-specific work environment.")). Schwepker concludes that because Plaintiff fails to present "something more" on his part, but instead accuses him only of engaging in the same allegedly negligent acts as Defendants, her claim against him cannot survive. (ECF No. 15, PP. 4-6).

The Missouri Court of Appeals for the Western District recently addressed this issue in Robinson v. Hooker, 323 S.W.3d 418 (Mo. App. 2010). In that case, Plaintiff Robinson was injured when his co-employee, Defendant Hooker, lost control while operating a high pressure hose. Robinson, 323 S.W.3d at 421. After settling a workers' compensation claim with his employer Plaintiff sued Defendant, alleging negligence. Id. Defendant filed a motion to dismiss, asserting the

- 5 -

Missouri state court lacked jurisdiction because the Workers' Compensation Act provided Plaintiff's exclusive remedy for his injury claim against her. Id.

The Missouri Court of Appeals began by discussing the history of co-employee immunity, noting that under State ex rel. Badami v. Gaertner, 630 S.W.2d 175 (Mo. App. 1982), and its progeny, "a co-employee could not be sued unless there was a showing of 'something more' than a breach of the employer's duty to provide a safe workplace." Robinson, 323 S.W.3d at 422-423 ("The 'something more' test required proof that a co-employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury.").

The Court continued to address the Workers' Compensation Act itself, pointing out that in 2005 the Act was amended to eliminate the prior requirement of liberal construction of its provisions. Id. at 423. The Court noted that Section 287.800 of the Act now specifically requires strict construction, meaning that, "a 'statute can be given no broader application than is warranted by its plain and unambiguous terms.'" Id., quoting Harness v. S. Copyroll, Inc., 291 S.W.3d 299, 303 (Mo. App. 2009). In applying strict construction to Section 287.120[4] of the Act, the Court held as follows:

> With regard to Section 287.120, the determination of whether the exclusivity provision applies to co-employees depends upon the meaning of the term "employer."...Generally, a co-employee would not fall within [the] statutory definition of an "employer" as a "person...using the service of another for pay" and "hav[ing] five or more employees." Strict application of the definition requires us to further conclude that co-employees are not entitled to invoke the employer immunity under Section 287.120....The employee retains a common law right of action against co-employees who do not fall squarely within the definition of "employer."

Id. at 424-425.

---

[4] Section 287.120 provides in relevant part as follows: "Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of the employee's employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person." See Mo.Rev.Stat. § 287.120(1).

- 6 -

Upon consideration of the foregoing, this Court finds there is "'arguably a reasonable basis for predicting that [Missouri] law might impose liability'" on the resident Defendant, Schwepker. Knudson, 634 F.3d at 980 (quoting Filla, 336 F.3d at 811). In other words, because Schwepker likely does not qualify as an "employer" under the Act, under Robinson Plaintiff retains her right to pursue a common law action for negligence against him.[5] See Id. at 425. Schwepker thus was not fraudulently joined, and so this matter must be remanded to state court for lack of federal jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 20) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the outstanding motions in this matter (ECF Nos. 14, 23) are **DENIED** as moot.

Dated this 21st day of February, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] Again, this Court will not "step from the threshold jurisdictional issue into a decision on the merits." Manning, 304 F.Supp.2d at 1148 (internal quotations and citations omitted).